IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN IVEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-2706-JOF |
| SECRETARY JOHN W. SNOW, : | |
| U.S. Department of the Treasury, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to reassign case [28].

On November 6, 2006, Plaintiff, Steven Ivey, filed suit against Defendant John W. Snow, Secretary of the U.S. Department of Treasury, in the United States District Court for the District of Columbia. The District Court for the District of Columbia transferred this matter to the Northern District of Georgia. On November 14, 2006, Defendant filed a motion to dismiss that is currently pending review before Magistrate Judge Scofield. On February 15, 2007, Plaintiff filed a motion to amend his motion for reconsideration. Finally, on February 20, 2007, Plaintiff filed a motion to reassign the case.

The court will treat Plaintiff's motion to reassign as a motion to recuse. Title 28 U.S.C. § 455(a) provides that judges should recuse themselves when their "impartiality

might reasonably be questioned." The test for recusal is "whether an objective, disinterested, law observer, fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Plaintiff here has not proffered any information to the court that suggests that the undersigned is operating under any kind of bias that would prevent the impartial administration of justice. Plaintiff's disagreement with the court's previous legal rulings is not sufficient to constitute bias. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (finding that bias must be personal and extrajudicial). Here, Plaintiff has merely lodged a complaint with the Atlanta Bar Association alleging errors in this court's rulings on Plaintiff's prior cases. As plaintiff's complaints are merely disagreements with this court's previous rulings, there is no need for the court to recuse.

Therefore, the court DENIES Plaintiff's motion to reassign case [28].

**IT IS SO ORDERED** this 20th day of June 2007.

        s/ J. Owen Forrester
        J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)