IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN IVEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-2706-JOF |
| SECRETARY JOHN W. SNOW, : | |
| U.S. Department of the Treasury, : | |
| and HENRY PAULSON, : | |
| : | |
| Defendants. : | |
| : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion to dismiss [17-1]; the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [29-1]; Plaintiff's motion for an extension of time [31-1]; Plaintiff's motion to reassign judge [32-1]; and Plaintiff's objections to the Report and Recommendation [33-1].

Plaintiff, Steven Ivey, proceeding *pro se*, filed an employment discrimination suit against Defendant, John W. Snow, Secretary, United States Department of the Treasury, in the United States District Court for the District of Columbia on November 25, 2005, alleging that he was discriminated against on the basis of his age during his employment with the Internal Revenue Service. That suit was transferred to this court on September 21, 2006.

As the Magistrate Judge noted, this is the fifth lawsuit that Plaintiff has filed concerning his employment. All prior lawsuits have been dismissed. The Report and Recommendation sets forth the exact style of those cases and the causes of action raised by Plaintiff therein.

Several of those cases were consolidated before Magistrate Judge Scofield and the undersigned. In the consolidated action, Plaintiff had filed a motion to amend his complaint, seeking to add a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"). The undersigned denied that motion and adopted the Report and Recommendation of the Magistrate Judge, granting Defendant's motion for summary judgment and dismissing with prejudice each of Plaintiff's complaints. The United States Court of Appeals for the Eleventh Circuit affirmed this court's order and rejected Plaintiff's argument that the court had abused its discretion in denying his motion to amend his complaints. *See Ivey v. Snow*, No. 05-15157-AA (11th Cir. Jan. 29, 2007).

In the instant action, Defendant seeks to dismiss Plaintiff's age discrimination claim because Plaintiff's claim is barred (1) due to Plaintiff's failure to exhaust administrative remedies and (2) under the doctrine of res judicata or collateral estoppel. In his Report and Recommendation, the Magistrate Judge determined that Plaintiff did fail to exhaust his administrative remedies, and therefore his claim was barred. Based on this determination, the Magistrate Judge did not reach Defendant's res judicata or collateral estoppel arguments.

2

As the Magistrate Judge explains, a plaintiff seeking to pursue an age discrimination complaint may first file a formal charge of discrimination with the Equal Employment Opportunity Commission or a plaintiff could go directly to federal court, so long as the plaintiff has filed a "notice of intent to sue" with the EEOC within 180 days of the alleged discrimination and the notice is filed at least 30 days before the plaintiff files suit. Although Plaintiff filed several charges of discrimination with the EEOC (as relevant to his previously filed complaints), none raised an age discrimination complaint. Plaintiff contends that his age discrimination charge should "relate back" to his other EEOC charges of discrimination. The Magistrate Judge rejected this assertion because Plaintiff's current age discrimination complaint is not related to his previous sex and race discrimination and retaliation claims. Furthermore, the Magistrate Judge determined that even if Plaintiff's old charges of discrimination could form the basis of an age discrimination claim, Plaintiff still did not file suit on his ADEA claim within 90 days of receiving a right to sue letter from the EEOC on his previous complaints.

The Magistrate Judge also stated that Plaintiff did not meet the requirements of filing a civil action without making a formal charge of discrimination with the EEOC because he did not file a notice of intent to sue. Thus, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies and recommended that Plaintiff's age discrimination complaint should be dismissed.

3

Shortly after Magistrate Judge Scofield issued his Report and Recommendation, this court issued an opinion denying Plaintiff's motion to reassign case. The court treated that motion as a motion to recuse under 28 U.S.C. § 455(a). The court noted that Plaintiff's disagreement with the court's rulings could not form the basis of a motion to recuse, and therefore, the court denied his motion.

Plaintiff filed a motion for an extension of time to file objections to the Report and Recommendation. The court GRANTS Plaintiff's motion for an extension of time [31-1]. In conjunction with his motion for an extension of time, Plaintiff again attached his previously-filed motion to reassign the case to a different judge. For the same reasons as stated in the court's June 20, 2007 order denying Plaintiff's first motion to reassign judge, the court DENIES Plaintiff's motion to reassign judge [32-1].

In his objections, Plaintiff states that he has appealed the dismissal of his consolidated cases to the United States Supreme Court. Plaintiff also asserts that the Inspector General's file which Plaintiff received in December 2004 shows instances of perjury, false records, and age discrimination. Because of the improprieties Plaintiff believes he has found in the investigation file, Plaintiff has resubmitted his claims to the EEOC and the Merit Systems Protection Board. Therefore, Plaintiff asserts, the dismissal of his age discrimination claim would not be in the interest of justice. There is, however, no "interest of justice" exception to the requirement that Plaintiff exhaust his administrative remedies.

4

AO 72A
(Rev.8/82)

Plaintiff states he only discovered the basis for his age discrimination complaint during the investigation of his previous employment discrimination complaints. Plaintiff appears to contend that this relieves him of exhausting his administrative remedies. *See* Objections, at ¶ 6 ("On p. 6, ¶ 2 [of the Report and Recommendation], there are two 'avenues of relief' cited. Since the plaintiff is stating that his claim of age discrimination was revealed in the original filings with the EEOC, neither of these need apply, until a determination of such claim has been made by the Court."). The court disagrees. There is no such exception in the requirement for exhaustion of administrative remedies. To the extent that Plaintiff contends he did not learn about the age discrimination facts until he had already filed his charges of discrimination on other issues, that also does not relieve Plaintiff of his obligation to exhaust administrative remedies. Plaintiff does not relate any facts that would have prevented him from filing a separate age discrimination charge of discrimination or notice of intent to sue with the EEOC.

Plaintiff next asserts that his age discrimination complaint should relate back to the previous charges of discrimination he filed with the EEOC in order to promote "judicial efficiency." However, unless a charge alleges practices "like or related to" the practices alleged in the complaint, it cannot serve as the basis for a civil action. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). "[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be

5

AO 72A
(Rev.8/82)

expected to grow out of the charge of discrimination." *Id.* Here, Plaintiff previously alleged discrimination on the basis of sex and race, as well as retaliation. The administrative charge filed by Plaintiff contains absolutely no reference to age discrimination. The court finds that it would not be reasonable to expect an age discrimination claim to grow out of the EEOC's investigation of a charge of race and sex discrimination and retaliation. *See also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1224-25 (11th Cir. 2000) (affirming dismissal of Plaintiff's claim of retaliatory discharge based on national origin discrimination because not raised in EEOC charge of disability discrimination and retaliation based on disability). Thus, the case law concerning "relation back" discusses the scope of an investigation and whether a charge is "like or related to" the practices alleged in the complaint. There is no aspect of "judicial efficiency" considered.

Plaintiff indicates that he has asked the EEOC for "clarity" on the question of whether the age discrimination claim would be incorporated into the original claims or whether he would need a new claim filed. This issue, however, is a matter of law for this court to decide, and not the EEOC. Plaintiff also suggests that his age discrimination claim is really retaliation because it was undertaken in response to his previous complaints. Plaintiff's complaint in the instant case, however, is one for age discrimination. Plaintiff does not allege retaliation.

6

Finally, Plaintiff contends there is a problem with the court's jurisdiction because the age discrimination occurred while Plaintiff was a resident of North Carolina. Plaintiff worked for the IRS at its Doraville, Georgia facility. Defendant's potential liability under the ADEA results only from its employment of Plaintiff. That employment occurred in Georgia. Therefore, under the general venue statute which applies to the ADEA, 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia.

The court finds that the Magistrate Judge correctly determined that Plaintiff failed to exhaust his administrative remedies for an age discrimination claim.

For the foregoing reasons, the court ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of this court. The court GRANTS Defendant's motion to dismiss [17-1]; GRANTS Plaintiff's motion for an extension of time [31-1]; and DENIES Plaintiff's motion to reassign judge [32-1].

**IT IS SO ORDERED** this 28th day of August 2007.

                                    s/ J. Owen Forrester
                                      J. OWEN FORRESTER
                       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)